IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAY LONNIE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:10cv180-TMH |
| ) | (WO) |
| J.A. KELLER, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)

### I.  BACKGROUND

The petitioner, Ray Lonnie Davis ("Davis"), is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 48-month sentence, imposed in 2008 by the United States District Court for the Southern District of Alabama, upon his conviction for being a prohibited person in possession of a firearm.  In his petition, Davis claims that the Federal Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in determining the duration of his placement in a residential reentry center ("RRC") for the final portion of his federal sentence, in violation of the Second Chance Act.

In compliance with this court's orders, the respondent has filed an answer in which he argues that (1) Davis's habeas petition is not ripe for court review, because at the time Davis filed his petition, he was not close enough to the end of his sentence to qualify for

consideration for placement in an RRC under the Second Chance Act and the BOP had made no determination regarding his RRC placement; and (2) even if Davis were eligible for consideration for placement in an RRC at the time he filed his petition, he has not exhausted administrative remedies with respect to his claims. (Doc. No. 9.)

## II.  DISCUSSION

By his petition, Davis seeks to have the BOP consider him for placement in an RRC for the final portion of his sentence, for the maximum amount of time allowed, pursuant to the authority of the Second Chance Act of 2007. (Doc. No. 1 at p. 18.) More specifically, he requests that this court issue an order directing the BOP "in good faith to consider Petitioner on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624 (c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.'" (*Id*.)

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c). Pursuant to the Second Chance Act, the BOP staff is required to review inmates for RRC placement 17-19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b). When he filed his petition, on February 11, 2010, Davis's projected release date was August 10, 2011. At the time of filing, Davis was scheduled for an assessment by the BOP on April 26, 2010, regarding his placement in an RRC. Nothing in the pleadings before this court indicate whether that assessment has indeed taken place, or the results of such an assessment. Ripeness becomes an issue when a case

2

is anchored in future events that may not occur as anticipated, or at all. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200-201 (1983); *Dames & Davis v. Regan*, 453 U.S. 654, 689 (1981). Under the circumstances, Davis's case is not ripe for review.

Moreover, even if the BOP makes a determination regarding Davis's RRC placement, Davis must his exhaust his administrative remedies if he wishes to challenge that determination. The pleadings before this court reflect that Davis has not attempted to pursue relief via the BOP's administrative remedies. Davis maintains that exhaustion should be excused because it would be futile to pursue the BOP's administrative remedies. (Doc. No. 1 at pp. 14-15.) In support, he notes that BOP Director Harley Lappin believes that prisoners placed in an RRC for longer than six months "tend to do worse rather than better." (*Id*.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 et seq.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedies may he seek relief in

3

federal court. *Id*. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Davis has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC. Therefore, he has not satisfied the requirement that he exhaust his available administrative remedies before seeking habeas corpus relief in federal court. Moreover, Davis has failed to establish that it would be futile to pursue the BOP's administrative remedies. Despite BOP Director Lappin's personal opinion, the BOP's regulations, amended after passage of the Second Chance Act, provide for placement in an RRC for up to 12 months. Relying on the Second Chance Act and 28 C.F.R. § 570.21, the Eleventh Circuit has determined that an inmate "may immediately seek [ ] individual determination [for placement in an RRC up to 12 months] under the administrative procedures currently available to him." *Woodward v. Grayer*, Case No. 08-12851, *7 (11th Cir. Dec. 23, 2008). Accordingly, as the BOP is required by statute and its own regulations to consider Davis for placement in an RRC for up to 12 months, Davis has failed to demonstrate that it would be futile to exhaust the BOP's available administrative remedies. *See Hayes v. Grayer*, Case No. 1:09cv896-RWS 2009 WL 1473929 (N.D. Ga. May 26, 2009).

Davis also complains that he will be delayed in vindicating his rights if he complies with the BOP's administrative remedies program and that the time required to exhaust administrative remedies could deprive him of the full 12 months he alleges he is entitled to

4

serve in an RRC. However, there are deadlines incorporated into the administrative remedies program that prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom. *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response times at various levels of review). Davis has not established extraordinary circumstances justifying waiver of the exhaustion requirement. Therefore, in addition to this action not being ripe for court review, dismissal for failure to exhaust administrative remedies is also warranted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED without prejudice because this case is not ripe for review and because of Davis's failure to exhaust administrative remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 22, 2010.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

5

*Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 8th day of July, 2010.

                                        /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE